**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

------------------------------------------------------- x

SHEILA SLAUGHTER RICHEY, in her
individual capacity and in her capacity as
Executrix of the Estate of George Richey,
deceased,

                  Plaintiff,

        - against -

SHOWTIME NETWORKS INC., a Delaware
corporation,

                  Defendant.

------------------------------------------------------- x

:   No. 1:24-cv-00134-SB

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR STATUS CONFERENCE</u>**

Defendant Showtime Networks Inc. ("Defendant") respectfully submits this opposition to

the Motion for Status Conference filed by Plaintiff Sheila Richey ("Plaintiff"). *See* D.I. 44.[1]

The Defendant's motion to dismiss the Second Amended Complaint is *sub judice.* While

Defendant will of course make itself available for any conference that the Court believes might be

helpful or necessary, Defendant disagrees that a status conference is warranted at this time.

Plaintiff contends that a conference "would assist the parties and the Court in addressing

outstanding issues," D.I. 44, but she fails to identify any such outstanding issues, and Defendant

is not aware of any.  Next Plaintiff suggests that a conference "is warranted to address the status

of the Court issuing a decision on the pending Motion to Dismiss." *Id.*  Again, there is nothing for

the parties to discuss; the motion it is *sub judice*.  Finally, Plaintiff contends that a conference

---

[1] Plaintiff failed to comply Local Rule 7.1.1, which requires that nondispositive motions "be accompanied by an averment of counsel for the moving party that a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in the motion."  This is the second time that Plaintiff has violated this provision of the Local Rules. *See* D.I. 34 at 2, 5-6.

1

"would promote judicial economy and ensure efficient case management." *Id.* But since Plaintiff fails to identify any issue that needs to be addressed, it is unclear how holding a status conference would achieve these goals.

Again, Defendant does not have any objection to participating in a status conference, but there is no apparent basis for Plaintiff's request to hold one now.

Dated: February 12, 2026

OF COUNSEL:

Elizabeth A. McNamara (admitted *pro hac vice)*
Adam I. Rich (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 42nd Floor
New York, NY 10020
(212) 489-8230

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

/s/ Robert M. Vrana
Robert M. Vrana (No. 5666)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600

*Attorneys for Defendant Showtime Networks Inc.*

2

## CERTIFICATE OF SERVICE

I, Robert M. Vrana, hereby certify that on February 12, 2026, a copy of the foregoing

document was served on the counsel listed below in the manner indicated:

**BY EMAIL**

Sean J. Bellew
2961 Centerville Rd., Suite 302
Wilmington, DE 19808
Phone: (302) 353-4951
sjbellew@bellewllc.com

Todd V. McMurtry
J. Will Huber
HEMMER WESSELS MCMURTRY, PLLC
250 Grandview Drive, Suite 500
Ft. Mitchell, Kentucky 41017
Phone: (859) 344-1188
Fax: (859) 578-3869
tmcmurtry@hemmerlaw.com
whuber@hemmerlaw.com

*/s/ Robert M. Vrana*
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Elena C. Norman (No. 4780)
Robert M. Vrana (No. 5666)
Daniel M. Kirshenbaum (No. 6047)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
enorman@ycst.com
rvrana@ycst.com
dkirshenbaum@ycst.com

*Attorneys for Defendant Showtime Networks Inc.*